UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FAUSTINO LOPEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Comm'r. of Soc. Sec., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.  2:10-cv-00613-JCM-GWF <br><br> **ORDER** <br><br> Application for Award of Attorney's Fees (#21) |

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (#21), filed on January 30, 2012; Defendant's Response to Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (#24), filed on March 26, 2012; Plaintiff's Reply to Defendant's Response to Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (#25), filed on April 5, 2012; and Plaintiff's Assignment of EAJA Fee (#26), filed on April 10, 2012.

**DISCUSSION**

The EAJA provides that a prevailing party other than the United States should be awarded attorney's fees and other expenses that party incurs in any civil action by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1).  The court is directed to approve a reasonable fee. *Id.* A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). The burden of establishing substantial

justification is on the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir.2001) Here, Defendant fails to offer any argument that its actions were substantially justified such that an award of fees is improper. The Defendant only "opposes Plaintiff's EAJA motion because the fees requested are unreasonable." (*See Defendant's Response (#24)* at 1.) Based on the Defendant's failure to establish substantial justification, Plaintiff's fee application is granted pursuant to 28 U.S.C. § 2412(d)(1). The court must now assesses the reasonableness of Plaintiff's fee application.

An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). To decide whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir.1998). Fees shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor... justifies a higher fee." 28U.S.C. § 2412(d)(2)(A)(ii). Here, Plaintiff's attorney states that there was a cost of living increase since the amendment to the EAJA took effect, which justifies an hourly rate of $173.72 in year 2010 and $179.21 in year 2011. The Defendant does not object to the hourly rates requested by Plaintiff. The Court therefore finds Plaintiff's hourly rate of $173.72 in year 2010 and $179.21 in year 2011 is reasonable.

Plaintiff's counsel states that he spent a total of 59.1 hours on Plaintiff's case.[1] Counsel provides a billing statement detailing the time he devoted to the case and claims that the hours spent were reasonable and necessary to provide good representation. The Defendant however argues that the hours spent are excessive, and requests that the Court reduce the award of fees by 15 hours. The Defendant cites *Patterson v. Apfel*, 99 F. Supp 2d 1212 (C.D. Ca. 2000), to support its position. In *Patterson*, the court found that 33.75 hours was reasonable for a case with non-routine issues where a total of 4 hours were spent on oral arguments. *Id.* at 1214. Here, Defendant argues that Plaintiff's case presented routine issues and no oral argument was

---

[1] Plaintiff's counsel originally stated that a total of 59.5 hours were spent on Plaintiff's case, but in his Reply, Plaintiff conceded that the total hours should be reduced by .4 hours. (*See Plaintiff's Reply (#25)* at 7.)

conducted; therefore, an award of almost double the hours awarded in *Patterson* is unreasonable and excessive.

The Court finds the 59.1 hours spent on Plaintiff's case is reasonable. *See Wirth v. Barnhart*, 325 F.Supp.2d 911 (E. D. Wis. 2004) (finding over 60 hours reasonable); *Embry v. Barnhart*, 2003 WL 22478769 (N. D. Ill. 2003) (finding 33.47 attorney hours and 55.05 paralegal/law clerk hours reasonable); *Mendoza v. Bowen*, 701 F.Supp. 1471 (N. D. Cal. 1988) (finding 50 hours not unreasonable). Plaintiff's counsel provided a detailed description of the work performed on this case, and the Court finds that none of the billing entries are redundant or excessive. Further, Plaintiff's counsel ultimately prevailed on Plaintiff's disability claim. Plaintiff also requests reimbursement for an additional five hours spent drafting this Application (#21) and Reply (#25). The Court will not award fees for that time.

The Court therefore finds that an award of fees for a total of 59.1 hours is reasonable. Plaintiff's counsel is therefore entitled to reimbursement of 38.6 hours at an hourly rate of $173.72, totaling $6,705.92 and 20.50 hours at an hourly rate of $179.21, totaling $3,673.81. The Court will award total fees in the amount of $10,379.40 to be paid to Plaintiff's counsel.[2] Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (#21) is **granted**.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiff's counsel the total sum of $10,379.40 for reasonable attorney's fees no later than May 4, 2012.

DATED this 13th day of April, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[2] In Plaintiff's Fee Agreement, Plaintiff assigns any court awarded EAJA attorney fees to his attorney. (*See Plaintiff's Application (#21)*, at Exhibit 3.) The Court will therefore order the fee award to be paid directly to Plaintiff's counsel.